BYE, Circuit Judge,
concurring in part and dissenting in part.
I would reverse the district court’s determination that the District violated IDEA’S stay-put provision by changing the location of Jeffrey’s services in January 2000. The district court was required to give “due weight” to the state due process hearing panel’s conclusion that the District had not violated IDEA’S stay-put provision. Strawn v. Mo. State Bd. of Educ., 210 F.3d 954, 958 (8th Cir.2000). As the court noted, a change-in-placement issue is fact intensive. See Bd. of Educ. of Cmty. High Sch. Dist. No. 218 v. Ill. State Bd. of Educ., 103 F.3d 545, 549 (7th Cir.1996). The due process hearing panel addressed this fact intensive issue and determined the District did not violate stay-put by changing the location of Jeffrey’s services, given the information available to the District at the time the change in location was made. I believe the district court failed to give “due weight” to the due process hearing panel’s decision. I would therefore reinstate the due process hearing panel’s decision, and reverse the district court’s order awarding compensatory relief stemming from the stay-put violation.
I join the court in affirming the judgment of the district court in all other respects.